UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDSEY SANDERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-cv-3212 |
| | ) |
| MADISON COUNTY | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT – WITH JURY DEMAND**

Plaintiff Lindsay Sanderson, by counsel, for her Complaint against Defendant Madison County, states as follows:

**JURISDICTION AND VENUE**

1. This suit is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, as amended by the ADA Amendments Act (ADAAA), Pub. L. No. 110-325, and under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), 26 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a).

3. All acts alleged herein were committed within the Southern District of Indiana and venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Lindsey Sanderson ("Sanderson") is a citizen of the United States and the State of Indiana, and at all relevant times has been a resident of Madison County, Indiana.

5. Sanderson worked in the Madison County Central Dispatch Center. During the course of her employment at Madison County, Sanderson was an "employee" of Madison County within the meaning of the ADA, as amended by the ADAAA, 42 U.S.C. § 12111(4).

6. On October 15, 2016, Sanderson would have become an "eligible employee" of Madison County within the meaning of the FMLA, 29 U.S.C. § 2611(2).

7. Defendant Madison County is a municipality, which is incorporated within the territorial jurisdiction of this Court.

8. Madison County employs more than fifteen (15) employees and is an "employer" within the meaning of the ADA, as amended by the ADAAA, 42 U.S.C. § 12111(5).

9. Madison County employs more than fifty (50) employees and is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## FACTS

10. Lindsey Sanderson began working at Madison County as a 911 Dispatcher on October 15, 2015.

11. Sanderson suffers from a disabling condition that requires regular treatment.

12. Sanderson's condition affects one or more of her major life activities within the meaning of the ADAAA.

13. Sanderson's condition is a serious health condition within the meaning of the FMLA.

14. Sanderson occasionally required leave from her position to be treated for her disabling condition.

15. Sanderson was able to perform all her duties at the Madison County Dispatch Center with a reasonable accommodation that permitted her occasional leave for medical treatment or to

recover from flare-ups of her disabling condition.

16. Sanderson was terminated twelve days before she would have been eligible to take FMLA leave for treatment of her disabling condition or recovery from flare-ups.

17. On September 29, 2016, Sanderson suffered a flare-up of her condition.

18. On September 29, 2016, Sanderson requested four hours of unpaid leave to return home to recover from her condition.

19. Sanderson was informed that she could "go home" because the department was "actually overstaffed."

20. Upon her return to work the following day, Sanderson disclosed to her supervisor, Nick Capozzoli, that she was scheduled for surgery on October 4, 2016, to alleviate her condition.

21. Capozzoli informed her that she was suspended for taking the four hours leave the previous day.

22. On October 3, 2016, Capozolli informed Sanderson that she was terminated.

23. Sanderson was terminated because she has a disability, a record of disability, and/or a perceived disability.

24. Sanderson was terminated because she would imminently be eligible for FMLA absences in connection with her disability.

## ADMINISTRATIVE PROCEDURES

25. On February 16, 2017, Sanderson initiated a complaint of discrimination on the basis of disability against Madison County with the Equal Employment Opportunity Commission ("EEOC") under charge number 470-2017-01209.

26. On June 14, 2017, the EEOC issued Sanderson a Notice of Right to Sue.

27. Sanderson had ninety (90) days from her receipt of the Notice of Right to Sue to file her Complaint, which time has not passed.

## COUNT I - DISCRIMINATION ON THE BASIS OF DISABILITY

28. All previous paragraphs are hereby incorporated by reference.

29. Sanderson is a qualified individual with a disability under the ADA as amended by the ADAAA, 42 U.S.C. § 12102(1).

30. Sanderson has a record of disability and was regarded as having a disability by Defendant within the meaning of the ADA as amended by the ADAAA, 42 U.S.C. § 12102(3).

31. Madison County engaged in unlawful discrimination on the basis of disability when it terminated Sanderson because of her disability, record of disability, and/or perceived disability.

32. Madison County has engaged in discriminatory treatment of Sanderson on the basis of disability and has acted with malice or reckless disregard of Sanderson's rights as a disabled employee in violation of the Americans with Disabilities Act, as amended.

## COUNT II - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

33. All preceding paragraphs are incorporated herein by reference.

34. At all relevant times, Sanderson suffered from a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

35. The FMLA prohibits employers from interfering with, restraining or denying the exercise of

or the attempt to exercise, any right provided by the FMLA.

36. Madison County willfully and intentionally interfered with, restrained, and/ or denied Sanderson's right to take FMLA leave by terminating her to prevent her from becoming eligible to use FMLA leave.

**WHEREFORE**, Plaintiff Lindsey Sanderson prays for the judgment of this Court against Defendant Madison County, as follows:

A. An award of back pay with prejudgment interest for the salary and other employment benefits and opportunities that the Plaintiff has lost as a result of the Plaintiff's termination from employment with the Defendant.

B. Compensatory damages in an amount to be determined by a jury to compensate Plaintiff for the emotional distress, mental anguish, and non-pecuniary losses that she has suffered because of Defendant's discriminatory conduct.

C. Liquidated damages in an amount equal to Plaintiff's lost earnings and benefits because Defendant's violation of the FMLA was willful.

D. An order directing the Defendant to reinstate the Plaintiff.

E. In the event the Court determines that it would be inappropriate to direct the reinstatement of the Plaintiff as an employee of the Defendant, an award of front pay and damages to compensate the Plaintiff for the losses that she reasonably will sustain as the result of being denied continued employment with the Defendant.

F. An award of reasonable attorneys fees and costs.

G. Such other relief as may be just and proper.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorney for Plaintiff Lindsey Sanderson

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com

## JURY DEMAND

Now comes the Plaintiff, by counsel, and demands that this cause be tried to a jury on all issues so triable.

Respectfully submitted,

**MACEY SWANSON LLP**

/s/Jeffrey A. Macey
Jeffrey A. Macey, Atty No. 28378-49
Attorneys for Plaintiff Lindsey Sanderson

**MACEY SWANSON LLP**
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800
Telephone: (317)637-2345
Facsimile: (317)637-2369
E-Mail: jmacey@maceylaw.com